B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Spiller, Garry G** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Spiller, Janice M** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6603** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3258** |
| Street Address of Debtor (No. and Street, City, and State):<br>**15720 Twin Lakes Dr**<br>**Homer Glen, IL**                       ZIP Code **60491** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**15720 Twin Lakes Dr**<br>**Homer Glen, IL**                       ZIP Code **60491** |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business:<br>**Will** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."   ☐ Debts are primarily<br>business debts. |

| Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(4/10)                                                                                          Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Spiller, Garry G** **Spiller, Janice M** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Steve Beck**                    **July  7, 2011** Signature of Attorney for Debtor(s)          (Date) **Steve Beck 147419** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)    Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Spiller, Garry G** |
| | **Spiller, Janice M** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Garry G Spiller**
Signature of Debtor  **Garry G Spiller**

X **/s/ Janice M Spiller**
Signature of Joint Debtor **Janice M Spiller**

Telephone Number (If not represented by attorney)

**July  7, 2011**
Date

### Signature of Attorney*

X **/s/ Steve Beck**
Signature of Attorney for Debtor(s)

**Steve Beck 147419**
Printed Name of Attorney for Debtor(s)

**Steve Beck**
Firm Name

**19317 Manchester Drive**
**Mokena, IL 60448**

Address

**Email: stevebecklawyer@comcast.net**
**(708) 479- 1144   Fax: (708) 478- 6047**
Telephone Number

**July  7, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Garry G Spiller**
**Janice M Spiller**

Debtor(s)

Case No.

Chapter     **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Garry G Spiller**
          **Garry G Spiller**

Date:   **July 7, 2011**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Garry G Spiller**
**Janice M Spiller**
_____
Debtor(s)

Case No. _____

Chapter   **7**   _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Janice M Spiller**
                                **Janice M Spiller**

Date:    **July  7, 2011**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Garry G Spiller,**
       **Janice M Spiller**

Case No. _____

Chapter _____7_____

Debtors,

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 13 | 404,088.00 | | |
| B - Personal Property | Yes | 3 | 75,100.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 467,445.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 185,127.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,432.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,637.00 |
| Total Number of Sheets of ALL Schedules | | 32 | | | |
| Total Assets | | | 479,188.00 | | |
| Total Liabilities | | | | 652,572.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Garry G Spiller,**
    **Janice M Spiller**

Case No. _____

                                ,
                          Debtors

Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

   ☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,432.00 |
| Average Expenses (from Schedule J, Line 18) | 3,637.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,075.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 57,781.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 185,127.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 242,908.00 |

B6A (Official Form 6A) (12/07)

.

In re    **Garry G Spiller,**                                    Case No. _____

        **Janice M Spiller**

                                             Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **house**<br>**Location: 15720 Twin Lakes Dr, Homer Glen IL 60491** | | J | 250,000.00 | 254,781.00 |
| **townhouse at 615 Enclave Ln, Manteno Note: Our son and his wife occupy this property; they haven't made a mort. payment in over a year; and we expect the property to be foreclosed. They filed for bk in the central dist of il, #11-90333.** | **we are co-owners with our son Kevin Spiller and his wife Kari** | J | 150,000.00 | 190,000.00 |
| **lot w/a garage on it in Lawton, Van Buren County, MI: at lot 16, in dugan's landing, a subdiv of lot 26 of supervisor's plat of chamberlin beach in the ne fract. 1/4 of sec 31, twp 31, twp 4 s, range 13 w**<br><br>**total market value: $16,350. there is no mortgage.** | **Garry Spiller owns a 1/4 interest as a tenant in common** | J | 4,088.00 | 0.00 |
| **lot w/modular home in dugan's landing, lawton, van buren county, mi: lots 8 and 17. This real estate is owned by the Geno Spiller and Evelyn Spiller trust. Geno is deceased and Evelyn lives at the peace mem village, in palos park. Garry Spiller is named as a beneficiary of the trust, but he has no ownership interest because the trust (attached) is revocable by Evelyn (see art 8). The real estate is worth $53000, and there is no mortgage. Also, see deed attached.** | **contingent beneficiary of 1/4 interest in revocable trust** | J | 0.00 | 0.00 |

|  | Sub-Total > | 404,088.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 404,088.00 | |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

## GENO G. SPILLER and EVELYN M. SPILLER TRUST

We, GENO G. SPILLER and EVELYN M. SPILLER, transfer to ourselves, as co-trustees, to hold the property described in the attached Schedule A and any of the other property which may be added to this trust as follows:

### ARTICLE I

During our lives, the trustee shall pay to us, or as we direct in writing from time to time, all of the income of the trust and as much of the principal thereof as we from time to time request in writing. During any period in which one of the grantors is, in the judgment of a physician familiar with his condition, unable to properly administer his financial affairs, the powers conferred by this paragraph may be exercised by the remaining grantor. During any period in which both grantors (or the surviving grantor) are, in the judgment of a physician familiar with his condition, unable to properly manage their financial affairs, the first sentence of this paragraph shall not apply, and the trustee shall distribute for the benefit of the grantors, or the survivor of them, so much or all of the net income and principal of the trust as the trustee believes to be desirable for our support, comfort, companionship, enjoyment, and medical care, taking into consideration our resources known to the trustee, and shall add to principal, from time to time, any income not applied for such purposes.

### ARTICLE II

As of the date of a grantor's death and after providing for the payments contemplated above, the balance of the Trust Estate shall be held as follows:

If a grantor survives, then as of the death of the first grantor to die the trustee shall transfer from the Trust Estate to the Family Trust under Article III (1) all property which is not eligible trust property and (2) that

additional amount (if any), from eligible trust property, which will result in the least federal estate tax being payable because of the grantor's death but not less than the largest amount which will result in no such tax. The trustee shall determine the amount described in (2) after giving effect to tax elections and shall take into account the federal credit for state death taxes only to the extent that state death taxes are not thereby incurred or increased. The remaining balance of the Trust Estate shall be held as a separate trust herein called the Marital Trust and administered as provided in this Article. If a grantor fails to survive, the entire balance of the Trust Estate shall be transferred to the Family Trust under Article III.

Any trust property used to fund the Family Trust shall be valued for such purposes at its fair market value on the date or dates of funding the Family Trust. "Eligible trust property" means the property of the Trust Estate (including property to which the trustee shall be entitled from any source, net of any debts, expenses or taxes which are apportioned thereto) but exclusive of property with respect to which a marital deduction would not be allowed if given outright to the surviving grantor.

A. Commencing with the death of a grantor and until the death of the surviving grantor, the trustee shall pay to the surviving grantor at least annually all the net income of the Marital Trust and as much principal thereof as the surviving grantor from time to time requests in writing.

During the first six months after the death of a grantor and during any additional period in which the surviving grantor is incapable of properly managing his or her affairs, as determined by the trustee, his or her right to withdraw principal as provided in the preceding sentence shall not be effective, and the trustee shall pay to the surviving grantor from time to

2

time in addition to the trust's net income such amounts from principal as the trustee believes desirable for his or her comfortable support, health and welfare.

B.   Notwithstanding any other provisions of this instrument to the contrary, the trustee shall not hold unproductive property in the Marital Trust for more than a reasonable period without the consent of the surviving grantor.

C.   Upon the death of the surviving grantor, the trustee shall distribute the then principal and any accrued or undistributed net income of the Marital Trust to or for the benefit of such one or more persons or organizations, including the surviving grantor's estate, in such proportions and subject to such trusts, powers and conditions as he or she may direct by will, specifically referring to this power to appoint, except that if a grantor is not living six months after the death of the first grantor to die, the surviving grantor may not exercise the power of appointment granted hereunder to or for the benefit of herself, her estate, or the creditors of either, and any income accrued or undistributed at the surviving grantor's death shall be paid to her estate. Any principal and, if a grantor survives by six months, accrued, or undistributed income not effectively appointed by the surviving grantor shall be added to the principal of the Family Trust. The trustee shall be protected in relying on a will admitted to probate in any jurisdiction as the will of the surviving grantor, or in assuming there was no will in the absence of actual knowledge thereof within three (3) months of her death.

D.   For purposes of this Article, Evelyn M. Spiller shall be deemed to have survived if there is no sufficient evidence that we died otherwise than simultaneously.

E.   If a grantor survives but disclaims any part or all of the property which would otherwise be held in the Marital Trust, such disclaimed property shall be added to the Family Trust, to be administered as a part thereof for the benefit of those persons, including the surviving grantor, referred to thereunder.

## ARTICLE III

The Family Trust shall be administered as follows:

A.   Commencing with the death of a grantor and until the death of the surviving grantor, the trustee shall pay the net income of the Family Trust to the surviving grantor and (after the principal of the Marital Trust is exhausted and not before) so much of the principal thereof as the trustee from time to time believes desirable for her reasonable support and health considering her other resources known to the trustee.

B.   Notwithstanding the preceding paragraph, if the trustee deems it to be in the best interest of the surviving grantor and any child of ours, the trustee may distribute to any child as much of the income (otherwise payable to the surviving grantor) and as much of the principal of the Family Trust as the trustee, in its sole discretion, believes to be required from time to time for the child's welfare, considering the child's other resources known to the trustee.

No portion of the Family Trust received by or retained in trust for any child of ours shall be charged with income or principal distributions made to the child pursuant to this paragraph.

4

C.   Upon the death of the surviving grantor, the Family Trust shall terminate and the then principal and any accrued or undistributed net income thereof shall be divided in equal shares, one share for each child of ours then living, and one share for the then living descendants of each child of mine then deceased.   Each share for a child of mine shall be distributed to the child.   Each share for the descendants of a deceased child shall be distributed per stirpes to such descendants, except as provided in Article IV.

## ARTICLE IV

A.   Any property otherwise distributable under Article III to a descendant of a deceased child of ours who has not attained age twenty-one (21) may be distributed to a custodian for the beneficiary under the Illinois Uniform Transfers to Minors Act or may be retained by the trustee as a separate trust, in which event the trustee shall distribute to the descendant so much of the income and principal of the trust as the trustee deems necessary for the support, health, and education of the descendant, considering the descendant's other resources known to the trustee, and shall add to principal, from time to time, any income not applied for such purposes.   When the descendant attains age twenty-one (21), the trustee shall distribute the trust to him or her.   If the descendant dies prior to age twenty-one (21), the trustee shall distribute the trust to him or her.   If the descendant dies prior to age twenty-one (21), the trustee shall distribute the trust to the descendant's estate.

B.   Notwithstanding any prior provision hereof, at the end of twenty-one (21) years after the death of the last to die of all of our descendants living at the death of the first grantor to die the trustee shall distribute each trust then held to the beneficiary thereof.

5

C.   Any income or discretionary principal payment due to any beneficiary hereunder, which the trustee determines the beneficiary is unable to properly administer, shall be made in any one or more of the following ways: (1) to any legal guardian or conservator of the beneficiary; (2) to an adult relative of the beneficiary to be expended for the beneficiary; (3) to a custodian for a minor beneficiary under any Uniform Transfers to Minors Act; or (4) by making direct expenditures to or for the beneficiary.

D.   No interest under this agreement shall be assignable by any beneficiary or be subject to claims of his or her creditors, including claims for alimony or maintenance.

E.   No person named or described in this trust shall be deemed to have survived us unless he or she is living on the 30th day after the day of the death of the survivor of Geno G. Spiller or Evelyn M. Spiller.

## ARTICLE V

Any trustee shall have the following powers with respect to each trust, exercisable in the trustee's discretion:

1.   To retain any property transferred to the trustee without liability for any loss, even though the trustee would not purchase the property as a trust investment and though to retain it might violate sound investment diversification principles;

2.   To sell at public or private sale, contract to sell, grant options to buy, convey, transfer, exchange, partition, dedicate, lease, or grant easements for a term within or extending beyond the term of the trust, repair, improve, remodel, demolish, or abandon any real or personal property;

3.   To borrow money and mortgage or pledge trust property;

4.   To invest in bonds, common or preferred stocks, notes, real estate mortgages, common trust funds, partnership interests, shares of any investment company or trust, or other securities all on margin or otherwise, and real or personal property;

5.   To allot to any trust or distributive share different kinds of property or disproportionate shares of property or undivided interest in property, make joint investments for two or more trusts, distribute property

6

in cash or in kind or partly in each, and determine the value of any property so allotted or distributed;

6. To exercise in person or by proxy all voting and other rights, powers, and privileges and take all steps to realize all benefits, with respect to stocks or other securities;

7. To cause any security or other property to be held in the name of the trustee personally or in the name of a nominee;

8. To pay all expenses incurred in the administration of the trust, including reasonable compensation to the trustee, and employ and pay reasonable compensation to agents and counsel, including investment counsel;

9. To create out of income reasonable reserves for depreciation;

10. To accept additional property from any source and administer it as a part of the trust;

11. To deal with the fiduciary of any other estate or trust, even though the fiduciary is a trustee hereunder;

12. To compromise or abandon any claim or demand in favor of or against the trust;

13. To deal with the trustees of any pension or profit-sharing trust in which this trust shall be designated a beneficiary and to elect optional modes of settlement of proceeds due the trustee under such trusts;

14. If at any time after the death of the surviving grantor the value of the principal of a trust required to be held hereunder is less than $30,000 in value, to terminate the trust by distributing the remaining principal and all accrued and undistributed net income thereof to the income beneficiary if he or she is legally competent;

15. If at any time there is in force a trust under this instrument and any other trust, the beneficiaries of which are the same and terms of which are substantially identical, to terminate the trust under this instrument by transferring all of the property thereof to the trustee or trustees of that other trust;

16. To employ during my life any person or persons to attend to my maintenance, comfort, companionship, enjoyment, and medical care;

17. To do all other acts to accomplish the proper management, investment, and distribution of the trust.

## ARTICLE VI

1. If either of the co-trustees resigns or is unable to act, the remaining trustee shall serve as successor trustee. If both co-trustees

resign or are unable to act, Carolee Krakowski, John Spiller, Garry Spiller and Vicki Laski, or the survivor of them, shall serve as successor co-trustees. If all of them are unable or refuse to act as trustees, South Holland Bank shall serve as successor trustee.

2. If South Holland Trust and Savings Bank ceases to act, the persons described in paragraph 5 shall appoint as trustee any bank or trust company, wherever situated. Each successor trustee shall have the powers and discretions herein granted to its predecessor.

3. The persons described in paragraph 5 may at any time approve the accounts of the trustee with the same effect as the approval of the accounts by a court of competent jurisdiction.

4. As often as the trustee deems such action be advantageous to any trust or beneficiary, it may, by written instrument, resign and appoint as substitute trustee any bank or trust company, wherever situated. The substitute trustee shall have all of the powers and discretions of the trustee, but shall exercise the same under the supervision of the trustee. The trustee may at any time remove the substitute trustee and appoint itself as trustee.

5. The notice referred to in paragraph 1 above shall be given to, the removal of the acting trustee described in paragraph 1 shall be made by, and the appointment of a successor trustee pursuant to paragraph 3 by, the beneficiary or beneficiaries to whom the income of the trust then is or may be paid. If any beneficiary is then under a legal disability, the notice may be given to, or the removal or the appointment or approval may be made by, either of the beneficiary's parents, an adult relative, or the beneficiary's legal guardian or conservator.

8

## ARTICLE VII

After the death of a grantor, the trustee shall pay from the trust estate, directly or through a personal representative, without apportionment or reimbursement, all of the debts, all expenses of administration of property wherever situated passing under said grantor's will, this instrument, or otherwise, and all estate, inheritance, transfer, and succession taxes which become due by reason of said grantor's death (including interest and penalties thereon, if any) other than any generation-skipping tax which is not a liability of the estate. If the liquid assets of the trust are insufficient for these purposes, the executor shall pay such items from the residue of the estate passing under the will to the extent the trustee so directs the executor in writing, without apportionment or reimbursement. None of the foregoing payments shall be made out of any asset not otherwise includible in the grantor's estate for federal estate tax purposes.

## ARTICLE VIII

We reserve the right from time to time during our lives, by written instrument delivered to the trustee, to amend or revoke this agreement. In the event one grantor is disabled, unable to properly manage his financial affairs, or deceased, the powers conferred by this Article may be exercised by the remaining grantor.

We have executed this agreement on _Decenber 6th_____, 1991.

_Geno G. Spiller_
_____
Geno G. Spiller

_Evelyn M. Spiller_
_____
Evelyn M. Spiller

_Notarized before_
_me February 6, 1992_
_Barbara A. Pierson_

_Redated 2-6-92_
_Geno G. Spiller_
_Evelyn M. Spiller_

9

SCHEDULE

GENO G. SPILLER AND EVELYN M. SPILLER TRUST

01/01/2007  00:25   7083010071                                    GARRY SPILLER                    PAGE  03/04



LR-3005882
Page: 1 of 1
02/18/2004 03.42P
Bk-1325 Pg-839

Mark A. Smith, Register of Deeds D.40

WARRANTY DEED—To Tenants by the Entirety—Short
(Photo Copy Form)                              ATTACH ABOVE FOR REAL ESTATE TRANSFER STAMP

## This Indenture, made
BETWEEN                        December 22                         x19 2000

EVELYN SPILLER, CAROLEE L. KRAKOWSKI, JOHN W. SPILLER, GARRY G. SPILLER
and VICKI L. LASKI
                                                              of the first part,

and Evelyn M. Spiller, as Trustee of the Geno G. Spiller and Evelyn M.
Spiller Family Trust                                          of the second part,
whose address is:
     3415 Huntley Terrace, Crete, IL 60417

Witnesseth, That the said party of the first part, for and in consideration of $    Ten and no/100——————

to him in hand paid by the said parties of the second part, the receipt whereof is hereby confirmed and acknowledged, does by these presents
grant, bargain, sell, remise, release, alien and confirm unto the said parties of the second part, their assigns, the survivor of them, his or her heirs
and assigns, Forever, all that certain piece or parcel of land situate and being in the    Township    of Porter
County of    Van Buren    and State of Michigan, and described as follows, to-wit:

front/lake

LOT 8, DUGAN'S LANDING, A SUBDIVISION OF LOT 26 OF SUPERVISOR'S PLAT OF CHAMBERLIN BEACH
IN THE NORTHEAST FRACTIONAL QUARTER OF SECTION 31, TOWNSHIP 4 SOUTH, RANGE 13 WEST,
ACCORDING TO THE PLAT THEREOF, AS RECORDED IN LIBER 4 OF PLATS, PAGE 31.    654

AND A FULL INTEREST IN LOT 17, DUGAN'S LANDING, A SUBDIVISION OF LOT 26 OF SUPERVISOR'S
PLAT OF CHAMBERLIN BEACH, 1 THE NORTHEAST FRACTIONAL QUARTER OF SECTION 31, TOWN 4 SOUTH,
RANGE 13 WEST, ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE REGISTER
OF DEEDS FOR VAN BUREN COUNTY, MICHIGAN IN LIBER 4 OF LATS, PAGE 21.

This is not homestead property as to Carolee L. Krakowski, John W. Spiller, Garry G.
Spiller, and Vicki L. Laski

Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining: To Have and to Hold the
said premises, as herein described, with the appurtenances, unto the said parties of the second part, their assigns, the survivor of them, his or
her heirs and assigns, Forever. And the said party of the first part, for his heirs, executors and administrators, does covenant, grant, bargain
and agree to and with the said parties of the second part, their assigns, the survivor of them, his or her heirs and assigns, that at the time of the
ensealing and delivery of these presents he is well seized of the above granted premises in fee simple; that they are free from all incumbrances
whatsoever

and that he will, and his heirs, executors, and administrators shall Warrant and Defend the same against all lawful claims whatsoever.

When applicable, pronouns and relative words shall be read as plural, feminine or neuter.
     In Witness Whereof, The said party of the first part has hereunto set his hand the day and year first above written.

Signed and Delivered in Presence of

_____          _____
Meredith M. Setty                      EVELYN SPILLER

_____          _____
Steven J. Scott                        CAROLEE L. KRAKOWSKI

                                       _____
                                       JOHN W. SPILLER

                                       _____
                                       GARRY G. SPILLER

~~ILLINOIS~~
STATE OF ~~MICHIGAN~~ }                 _____
                                       VICKI L. LASKI

GARRY G. SPILLER

**STATE OF** ~~MICHIGAN~~ ILLINOIS } ss.    VICKI L. LASKI

COUNTY OF ___Cook___

On **December 22, 2000** ___, before me, a Notary Public, in and for said County, personally appeared___

Evelyn Spiller, Carolee L. Krakowski, John W. Spiller,Garry G. Spiller and Vicki L. Laski

to me known to be the same person s  described in and who executed the within instrument, who

acknowledged the same to be   their   free act and deed.

"OFFICIAL SEAL"
RUSSELL T. PAARLBERG
Notary Public, State of Illinois
My Commission Expires 01/22/03

_____ My commission expires _____

Notary Public,
Cook County, ~~Michigan~~
Illinois

SEE FOOT NOTES ON OTHER SIDE

B6B (Official Form 6B) (12/07)

.

In re   **Garry G Spiller,**                            Case No. _____

          **Janice M Spiller**

                                Debtors     ,

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | J | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **harris** | J | **1,500.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **household contents** | J | **2,500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | | **ring** | J | **500.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                            Sub-Total >       **4,600.00**

                                               (Total of this page)

____**2**____ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Garry G Spiller,**                                                    Case No. _____

         **Janice M Spiller**

_____,

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **allianz $2500** **aig (in payment status)--$1436/mon mv $50,000** **imrf $5000** | J | 57,500.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **57,500.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Garry G Spiller,**                                                 Case No. _____

        **Janice M Spiller**

                                      Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 04 jeep | J | 5,000.00 |
| | | 08 chev imp (co-owned by our son Kevin, who has possession of the car) | J | 5,000.00 |
| 26. Boats, motors, and accessories. | | baja  19' boat | J | 3,000.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 13,000.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 75,100.00 |

Sheet  **2**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re    **Garry G Spiller,**                                    Case No. _____
      **Janice M Spiller**

_____,
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                           $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                            *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>**house**<br>**Location: 15720 Twin Lakes Dr, Homer Glen IL 60491** | **735 ILCS 5/12-901** | **30,000.00** | **250,000.00** |
| **Cash on Hand**<br>**cash** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>**harris** | **735 ILCS 5/12-1001(b)** | **1,500.00** | **1,500.00** |
| **Household Goods and Furnishings**<br>**household contents** | **735 ILCS 5/12-1001(b)** | **2,500.00** | **2,500.00** |
| **Furs and Jewelry**<br>**ring** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans**<br>**allianz $2500**<br>**aig (in payment status)--$1436/mon mv $50,000**<br>**imrf $5000** | **735 ILCS 5/12-704** | **57,500.00** | **57,500.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**04 jeep** | **735 ILCS 5/12-1001(c)** | **336.00** | **5,000.00** |
| **Boats, Motors and Accessories**<br>**baja  19' boat** | **735 ILCS 5/12-1001(b)** | **3,000.00** | **3,000.00** |

                                                  Total:      **95,436.00**      **320,100.00**

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **Garry G Spiller,**                                          Case No. _____
         **Janice M Spiller**
                                                                    ,
                                    Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No.<br><br>**ALLY/GMAC Financial Services**<br>**POB 4622**<br>**Waterloo, IA 50704** | | | | J | **1st mort**<br><br>**house**<br>**Location: 15720 Twin Lakes Dr, Homer Glen IL 60491** | | | | | |
| | | | | | Value $             **250,000.00** | | | | **107,242.00** | **0.00** |
| Account No.<br><br>**ALLY/GMAC Financial Services**<br>**POB 4622**<br>**Waterloo, IA 50704** | | | | J | **2nd mort**<br><br>**house**<br>**Location: 15720 Twin Lakes Dr, Homer Glen IL 60491** | | | | | |
| | | | | | Value $             **250,000.00** | | | | **147,539.00** | **4,781.00** |
| Account No.<br><br>**Bank of America Home Loans**<br>**POB 650070**<br>**Dallas, TX 75265** | | | | J | **mort**<br>**townhouse at 615 Enclave Ln, Manteno**<br>**Note: Our son and his wife occupy this property; they haven't made a mort. payment in over a year; and we expect the property to be foreclosed. They filed for bk in the central dist of il, #11-90333.** | | | | | |
| | | | | | Value $             **150,000.00** | | | | **190,000.00** | **40,000.00** |
| Account No.<br><br>**Chrysler Fin Serv**<br>**C/O Riezman Berger**<br>**7700 Bonhomme Av**<br>**Saint Louis, MO 63105** | | | | J | **car loan**<br><br>**04 jeep** | | | | | |
| | | | | | Value $             **5,000.00** | | | | **4,664.00** | **0.00** |
| __1__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | **449,445.00** | **44,781.00** |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Garry G Spiller,**
**Janice M Spiller**                                                          Case No. _____

_____,
Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | car loan | | | | | |
| **Citizens Auto Fin** **POB 42002** **Providence, RI 02940** | J | | **08 chev imp (co-owned by our son Kevin, who has possession of the car)** | | | | | |
| | | | Value $            **5,000.00** | | | | **18,000.00** | **13,000.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | **18,000.00** | **13,000.00** |
| Total (Report on Summary of Schedules) | **467,445.00** | **57,781.00** |

B6E (Official Form 6E) (4/10)

.

In re  **Garry G Spiller,**                                                    Case No. _____
     **Janice M Spiller**

                         Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

                                 Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re **Garry G Spiller,**
     **Janice M Spiller**

Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Agha Med, Inc** <br> **13303 S Ridgeland Av, Unit C** <br> **Palos Park, IL** | | J | | | | | 4,520.00 |
| Account No. <br><br> **Alverno Clinic** <br> **555 W Court St** <br> **Kankakee, IL 60901** | | J | | | | | 300.00 |
| Account No. <br><br> **American Express** <br> **POB 0001** <br> **Los Angeles, CA 90096** | | J | | | | | 9,017.00 |
| Account No. <br><br> **Best Buy** <br> **POB 17298** <br> **Baltimore, MD 21297** | | J | | | | | 2,180.00 |

___7___ continuation sheets attached

Subtotal
(Total of this page)

16,017.00

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com   S/N:33038-110609   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Garry G Spiller,**                          Case No. _____
     **Janice M Spiller**

_____,
                             Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Buckle**<br>**POB 659704**<br>**San Antonio, TX 78265** | | J | | | | | 200.00 |
| Account No. | | | | | | | |
| **Carson Pirie Scott**<br>**PO Box 17264**<br>**Baltimore, MD 21297-1933** | | J | | | | | 908.00 |
| Account No. | | | | | | | |
| **Center for Dental Impl**<br>**10713 W 159th St**<br>**Orland Park, IL 60467** | | J | | | | | 1,558.00 |
| Account No. | | | 2 accts | | | | |
| **Chase**<br>**POB 15153**<br>**Wilmington, DE 19886** | | J | | | | | 24,000.00 |
| Account No. | | | prop damage claim for $7385 against me for a car acct. I was covered by ins. | | | | |
| **ComEd**<br>**Claims Dept, 4th Fl**<br>**3 Lincoln Centre**<br>**Oakbrook Terrace, IL 60181** | | J | | | | | 50.00 |

Sheet no. __1__ of __7__ sheets attached to Schedule of               Subtotal
Creditors Holding Unsecured Nonpriority Claims           (Total of this page)       **26,716.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Garry G Spiller,**                            Case No. _____
      **Janice M Spiller**

_____,
                           Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| **Discover** POB 30395 Salt Lake City, UT 84130-0395 | | J | | | | | | 20,100.00 |
| Account No. | | | | | | | | |
| **Dress Barn** POB 659704 San Antonio, TX 78265 | | J | | | | | | 768.00 |
| Account No. | | | | | | | | |
| **Fifth Third Bank** POB 630778 Cincinnati, OH 45263 | | J | | | | | | 4,000.00 |
| Account No. | | | | | | | | |
| **GE Money Bank** POB 960061 Orlando, FL 32896-0061 | | J | | | | | | 1,868.00 |
| Account No. | | | | | | | | |
| **Heart Care Centers of Il** POB 766 Bedford Park, IL 60499 | | J | | | | | | 1,722.00 |

Sheet no. __2__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

            Subtotal
    (Total of this page)       **28,458.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Garry G Spiller,**
     **Janice M Spiller**                                                                                 Case No. _____

_____,
                                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**HSBC** <br>**POB 17051** <br>**Baltimore, MD 21297-1051** | | J | | | | | 1,821.00 |
| Account No. <br><br>**JCPenney** <br>**PO Box 960001** <br>**Orlando, FL 32896-0001** | | J | | | | | 1,407.00 |
| Account No. <br><br>**Kohls** <br>**POB 2983** <br>**Milwaukee, WI 53201** | | J | | | | | 2,567.00 |
| Account No. <br><br>**John  Lazzarotto, DDS** <br>**15750 S Bell Rd** <br>**Homer Glen, IL 60491** | | J | | | | | 5,182.00 |
| Account No. <br><br>**Macys** <br>**9111 Duke Bvd** <br>**Mason, OH 45040** | | J | | | | | 418.00 |

Sheet no. __3___ of __7___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                            Subtotal
            (Total of this page)       **11,395.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Garry G Spiller,**
         **Janice M Spiller**                                                    Case No. _____

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | |
| Medical Serv Dept 4569 Carol Stream, IL 60122 | | J | | | | | | 1,300.00 |
| Account No. | | | | | | | | |
| Metrosouth Med 12395 S Gregory Blue Island, IL 60406 | | J | | | | | | 10,000.00 |
| Account No. | | | | | | | | |
| Northwestern Med Faculty Foundation 38693 Eagle Way Chicago, IL 60678 | | J | | | | | | 912.00 |
| Account No. | | | | | | | | |
| Palos Community Hospital 12251 S. 80th Ave. Palos Heights, IL 60463 | | J | | | | | | 56,080.00 |
| Account No. | | | | | | | | |
| Palos Emerg Med Serv 9944 S Roberts Rd Palos Hills, IL 60465 | | J | | | | | | 1,259.00 |

Sheet no. __4__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **69,551.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Garry G Spiller,**
      **Janice M Spiller**
                                              ,
                       Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. <br><br>**Palos Fire Protect Dist** <br>**8815 W 123rd St** <br>**Palos Park, IL 60464** | | J | | | | | | 700.00 |
| Account No. <br><br>**Palos Med Group Behav H** <br>**12255 S 80th Av, #202** <br>**Palos Heights, IL 60463** | | J | | | | | | 265.00 |
| Account No. <br><br>**Path Assoc of Chgo** <br>**POB 88487** <br>**Chicago, IL 60680** | | J | | | | | | 68.00 |
| Account No. <br><br>**Radiology and Nuclear** <br>**7808 College Dr** <br>**Palos Heights, IL 60463** | | J | | | | | | 984.00 |
| Account No. <br><br>**Rehabilitation Institute of Chicago** <br>**POB 129** <br>**Lombard, IL 60148** | | J | | | | | | 24,224.00 |

Sheet no. __5__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

26,241.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Garry G Spiller,**
      **Janice M Spiller**

Case No. _____

_____,
                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Southwest Nephrology**<br>**3650 W 95th St**<br>**Evergreen Park, IL 60805** | | J | | | | | 575.00 |
| Account No.<br><br>**Southwest Neuro Consult**<br>**7350 College Dr, # 103**<br>**Palos Heights, IL 60463** | | J | | | | | 1,360.00 |
| Account No.<br><br>**Southwest Rehab**<br>**5501 W 79th St, #400**<br>**Burbank, IL 60459** | | J | | | | | 214.00 |
| Account No.<br><br>**Trace Ambulance**<br>**8400 W 183rd Pl**<br>**Tinley Park, IL 60477** | | J | | | | | 103.00 |
| Account No.<br><br>**Robt Wrona MD**<br>**16604 S 107th Ct**<br>**Orland Park, IL 60467** | | J | | | | | 1,708.00 |

Sheet no. __6__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,960.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Garry G Spiller,**                                                        Case No. _____
**Janice M Spiller**

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Zoll LifeCor POB 644321 Pittsburgh, PA 15264** | | J | | | | | |
| | | | | | | | **2,789.00** |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. __7___ of __7___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **2,789.00**

Total
(Report on Summary of Schedules)    **185,127.00**

B6G (Official Form 6G) (12/07)

.

In re   **Garry G Spiller,**                                                    Case No. _____
        **Janice M Spiller**

_____,
                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re    **Garry G Spiller,**
     **Janice M Spiller**                           Case No. _____

                                        Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **kevin spiller and kari spiller** | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                          Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re   **Garry G Spiller**
**Janice M Spiller**                                                                 Case No. _____
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**dau** | AGE(S):<br>**21** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **teacher's aide** |
| Name of Employer | **none** | **sd 92** |
| How long employed | | **10 yrs** |
| Address of Employer | | **lockport** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 1,486.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 1,486.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 230.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify):    **imrf** | $ 0.00 | $ 70.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 300.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 1,186.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 1,246.00 | $ 0.00 |
| 13. Other monthly income<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,246.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,246.00 | $ 1,186.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,432.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Garry has applied for soc sec disabil**

B6J (Official Form 6J) (12/07)

In re    **Garry G Spiller**
      **Janice M Spiller**                      Case No. _____

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,432.00 |
|     a. Are real estate taxes included?    Yes **X**    No ___ | | |
|     b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 150.00 |
|             b. Water and sewer | $ | 150.00 |
|             c. Telephone | $ | 100.00 |
|             d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|             a. Homeowner's or renter's | $ | 0.00 |
|             b. Life | $ | 0.00 |
|             c. Health | $ | 340.00 |
|             d. Auto | $ | 217.00 |
|             e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|          (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|             a. Auto | $ | 248.00 |
|             b. Other | $ | 0.00 |
|             c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
|      Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,637.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,432.00 |
| b.    Average monthly expenses from Line 18 above | $ | 3,637.00 |
| c.    Monthly net income (a. minus b.) | $ | -1,205.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Garry G Spiller**
**Janice M Spiller**
_____    Case No. _____
Debtor(s)    Chapter    **7**    _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **34**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **July 7, 2011**_____    Signature    **/s/ Garry G Spiller**_____
**Garry G Spiller**
Debtor

Date  **July 7, 2011**_____    Signature    **/s/ Janice M Spiller**_____
**Janice M Spiller**
Joint Debtor

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Garry G Spiller**
     **Janice M Spiller**                Case No. _____

                                     Debtor(s)          Chapter    **7** _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| **$0.00** | **2011 $7781** |
| | **2010  39,574** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | **aig pension, per sched I. Also, Garry received $8610 in unemploy comp in 2010, also about $750 in 2011.  pension dist in 2010: $64383** |

**3. Payments to creditors**

None ■

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION AND VALUE OF<br>PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND LOCATION<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION AND VALUE OF<br>PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF<br>PERSON OR ORGANIZATION | RELATIONSHIP TO<br>DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND<br>VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| **05 pont total loss in acct 3-6-11** | **we received on money** | |

**9.  Payments related to debt counseling or bankruptcy**

None
■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
| --- | --- | --- |

4

### 10.  Other transfers

None ■   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■   b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11.  Closed financial accounts

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12.  Safe deposit boxes

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13.  Setoffs

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14.  Property held for another person

None ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15.  Prior address of debtor

None ■   If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

6

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                          ADDRESS

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **July 7, 2011**                              Signature   **/s/ Garry G Spiller**
                                                                **Garry G Spiller**
                                                                Debtor


Date  **July 7, 2011**                              Signature   **/s/ Janice M Spiller**
                                                                **Janice M Spiller**
                                                                Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Garry G Spiller**
        **Janice M Spiller**                         Case No. _____

                                    Debtor(s)       Chapter    **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**ALLY/GMAC Financial Services** | **Describe Property Securing Debt:**<br>house<br>Location: 15720 Twin Lakes Dr, Homer Glen IL 60491 |

Property will be (check one):
     ☐ Surrendered                   ■ Retained

If retaining the property, I intend to (check at least one):
     ☐ Redeem the property
     ☐ Reaffirm the debt
     ■ Other.  Explain __**retain**__ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
     ■ Claimed as Exempt                ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Chrysler Fin Serv** | **Describe Property Securing Debt:**<br>**04 jeep** |

Property will be (check one):
     ☐ Surrendered                   ■ Retained

If retaining the property, I intend to (check at least one):
     ☐ Redeem the property
     ☐ Reaffirm the debt
     ■ Other.  Explain __**retain**__ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
     ■ Claimed as Exempt                ☐ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                                          Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Citizens Auto Fin** | **Describe Property Securing Debt:**<br>**08 chev imp (co-owned by our son Kevin, who has possession of the car)** |

Property will be (check one):

■ Surrendered                        ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt                        ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **July  7, 2011** _____         Signature  **/s/ Garry G Spiller** _____
                                                                **Garry G Spiller**
                                                                Debtor


Date  **July  7, 2011** _____         Signature  **/s/ Janice M Spiller** _____
                                                                **Janice M Spiller**
                                                                Joint Debtor

**United States Bankruptcy Court**
**Northern District of Illinois**

In re _GARRY G SPILLER_                                    Case No. _____

_JANICE M SPILLER_                                         Chapter **7**
                            Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) AND ATTORNEY-CLIENT FEE AGREEMENT

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for this debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept                          $   _1200_

    This will be the full fee for the case provided there is no extra work involved as

    described in this disclosure.                                        _____

    Prior to the filing of this statement I have received                $   _1200_

    Balance due (this depends on whether there is extra work)            $   _open_

2.  The source of the compensation paid to me was:
    ☒ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:
    ☒ Debtor      ☐ Other (specify):

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐

5.  I have agreed to render legal service for all aspects of the bankruptcy case, including the extra work listed in #6, per local bankruptcy rule 2090-5B.

6.  By agreement with the debtor(s), the following will be considered extra work for which there will be attorney's fees: reaffirmations ($100 fee per reaffirmation), amending schedules to add creditors ($74 fee + $26 filing fee), rescheduling the bankruptcy meeting of creditors at debtor's request: $250 if in Chicago, $150 if Joliet. Also, I will charge $175/hr for the extra work of: filing any motion, such as to remove a judicial lien or to get a judge's approval to sell real estate, my attending a hearing other than the meeting of creditors, or any substantial work to supply a trustee or anyone else with information or documents other than which are routinely required, or any contested work.

7.  Approved: _[signature]_  _Janice M Spiller_          Steve Beck _[signature]_

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  _6-1-11_

/s/ Steve Beck
**Steve Beck 147419**
**Steve Beck**
**19317 Manchester Drive**
**Mokena, IL 60448**
**(708) 479- 1144  Fax: (708) 478- 6047**
**stevebecklawyer@comcast.net**

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Garry G Spiller**      Case No.
     **Janice M Spiller**

                                   Debtor(s)      Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

     I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Garry G Spiller**
**Janice M Spiller**                      X   **/s/ Garry G Spiller**            **July 7, 2011**

Printed Name(s) of Debtor(s)                    Signature of Debtor             Date

Case No. (if known)                           X   **/s/ Janice M Spiller**            **July 7, 2011**

                                            Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Garry G Spiller**
        **Janice M Spiller**                         Case No.

                                        Debtor(s)        Chapter     **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                         **41**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **July  7, 2011**                  **/s/ Garry G Spiller**
                                          **Garry G Spiller**
                                          Signature of Debtor

Date:    **July  7, 2011**                       **/s/ Janice M Spiller**
                                          **Janice M Spiller**
                                          Signature of Debtor

.

Agha Med, Inc
13303 S Ridgeland Av, Unit C
Palos Park, IL


ALLY/GMAC Financial Services
POB 4622
Waterloo, IA 50704


ALLY/GMAC Financial Services
POB 4622
Waterloo, IA 50704


Alverno Clinic
555 W Court St
Kankakee, IL 60901


American Express
POB 0001
Los Angeles, CA 90096


Bank of America Home Loans
POB 650070
Dallas, TX 75265


Best Buy
POB 17298
Baltimore, MD 21297


Buckle
POB 659704
San Antonio, TX 78265


Carson Pirie Scott
PO Box 17264
Baltimore, MD 21297-1933


Center for Dental Impl
10713 W 159th St
Orland Park, IL 60467


Chase
POB 15153
Wilmington, DE 19886

Chrysler Fin Serv
C/O Riezman Berger
7700 Bonhomme Av
Saint Louis, MO 63105


Citizens Auto Fin
POB 42002
Providence, RI 02940


ComEd
Claims Dept, 4th Fl
3 Lincoln Centre
Oakbrook Terrace, IL 60181


Discover
POB 30395
Salt Lake City, UT 84130-0395


Dress Barn
POB 659704
San Antonio, TX 78265


Fifth Third Bank
POB 630778
Cincinnati, OH 45263


GE Money Bank
POB 960061
Orlando, FL 32896-0061


Heart Care Centers of Il
POB 766
Bedford Park, IL 60499


HSBC
POB 17051
Baltimore, MD 21297-1051


JCPenney
PO Box 960001
Orlando, FL 32896-0001


kevin spiller and kari spiller

Kohls
POB 2983
Milwaukee, WI 53201


John  Lazzarotto, DDS
15750 S Bell Rd
Homer Glen, IL 60491


Macys
9111 Duke Bvd
Mason, OH 45040


Medical Serv
Dept 4569
Carol Stream, IL 60122


Metrosouth Med
12395 S Gregory
Blue Island, IL 60406


Northwestern Med Faculty Foundation
38693 Eagle Way
Chicago, IL 60678


Palos Community Hospital
12251 S. 80th Ave.
Palos Heights, IL 60463


Palos Emerg Med Serv
9944 S Roberts Rd
Palos Hills, IL 60465


Palos Fire Protect Dist
8815 W 123rd St
Palos Park, IL 60464


Palos Med Group Behav H
12255 S 80th Av, #202
Palos Heights, IL 60463


Path Assoc of Chgo
POB 88487
Chicago, IL 60680

Radiology and Nuclear
7808 College Dr
Palos Heights, IL 60463


Rehabilitation Institute of Chicago
POB 129
Lombard, IL 60148


Southwest Nephrology
3650 W 95th St
Evergreen Park, IL 60805


Southwest Neuro Consult
7350 College Dr, # 103
Palos Heights, IL 60463


Southwest Rehab
5501 W 79th St, #400
Burbank, IL 60459


Trace Ambulance
8400 W 183rd Pl
Tinley Park, IL 60477


Robt  Wrona MD
16604 S 107th Ct
Orland Park, IL 60467


Zoll LifeCor
POB 644321
Pittsburgh, PA 15264